### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY CERVANTEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1128 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### O R D E R

This matter is now before the Court on Petitioner's Motion for the Great Writ of Habeas Corpus. On October 2, 2006, Petitioner, Jeffrey Cervantez ("Cervantez") was sentenced to 12 months and a day after having been convicted on charges of credit card fraud in violation of 18 U.S.C. § 1029(a)(2).

On May 21, 2007, Cervantez filed a "Complaint" that refers generically to causes in admiralty, property rights, tradenames, and ineffective assistance of counsel. Pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786 (2003), the Court advised Cervantez of its intent to construe the pleading as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and gave him the opportunity to either withdraw or supplement his pleading. Cervantez responded with a supplemental pleading in which he claims that he is proceeding pursuant to the "Great Writ of Habeas Corpus" and that his pleading should not be construed as a § 2255 motion. This Order follows.

### Discussion

The Seventh Circuit has rejected the use of other writs as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the

Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Cervantez' supplemental Motion for Great Writ of Habeas Corpus alleges: (1) that he is being held pursuant to an unconstitutional judgment; and (2) that he received ineffective assistance of counsel. Such claims are well within the coverage of ¶1 of § 2255. Thus, under Melton, the present filing is actually a motion under § 2255, no matter what caption Cervantez places on his filing.

Although Cervantez has already supplemented his original filing, which could be construed as his intent to proceed and rejection of the possibility of withdrawal, he apparently did so based on his mistaken belief that he could insist that the pleading not be recharacterized as a § 2255 motion. Accordingly, the Court will afford him one last

- 3 -

opportunity to avail himself of the protections afforded under <u>Castro</u> and will give him one more chance to withdraw his filing on or before June 25, 2007. The failure to do so will result in the Court construing the filing as his initial motion pursuant to § 2255 and proceeding accordingly.

    ENTERED this 12th day of June, 2007.

                                           s/ Michael M. Mihm
                                              Michael M. Mihm
                                       United States District Judge