**E-FILED**
Wednesday, 19 December, 2007  10:28:09 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY CERVANTEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 07-1128 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, Jeffrey Cervantez' ("Cervantez"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Government's Motion to Strike/Dismiss.[1]  For the reasons set forth below, the Motion to Strike/Dismiss [#9] is GRANTED, and the § 2255 Motion [#1 and #4] is DENIED.

## BACKGROUND

On June 2, 2006, Cervantez pled guilty to one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2) pursuant to a written plea agreement in the United States District Court for the Central District of Illinois.  On October 2, 2006, he was sentenced to 12 months and one day, followed by a term of supervised release.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶¶ 9 and 10 of the written plea agreement, Cervantez has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, Cervantez attempts to collaterally attack his conviction based on allegations that he received ineffective assistance of counsel.  This Order follows.

---

[1] Although Cervantez styled his motion as "Complaint" and "The Great Writ of Habeas Corpus," the Court notified him that his filing would be construed as his initial motion pursuant to § 2255 and gave him an opportunity to withdraw or supplement his filing in accordance with Castro v. United States, 540 U.S. 375 (2003).

**Discussion**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S. Ct. 205 (1995).

Here, Cervantez would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. While Cervantez does ask that his criminal record be expunged, that he be released from custody, and that any of his property be returned, he makes no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea and does not present any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. Perhaps this is because he believes that the plea bargain's substantial advantages outweigh its disadvantages. In any event, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. Id., *citing* United States v. Wagner, 103 F.3d 551 (7th Cir. 1996); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999); United States v. Nelson, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to

1:07-cv-01128-MMM   # 19   Page 3 of 9

the negotiation of the waiver." Jones, 167 F.3d at 1144-45.  Accordingly, while Cervantez does not specifically contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver itself, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984).   In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.   A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial.  United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997).  "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan,  986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing* Key, 806 F.2d at 139; *see also* McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

- 3 -

1:07-cv-01128-MMM   # 19   Page 4 of 9

Here, Cervantez asserts that counsel was ineffective because he failed to reveal the "'true' nature of the alleged charges, that being, that the UNITED STATES is, in fact, a 'Federal Corporation' and a 'debtor' and as such is operating in bankruptcy and the alleged charges are a demand for payment for an unrevealed debt." There are no specific factual assertions or claims to the effect that Cervantez' attorney rendered ineffective assistance in negotiating the waiver provision of his plea agreement. He does not argue that but for the purportedly misleading advice of counsel concerning the waiver, he would have rejected the plea offer and insisted on going to trial and does not ask to set aside his plea agreement.

Furthermore, a review of the transcript of the plea hearing reveals that, after a detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct, Cervantez received a lengthy explanation of the waiver provision and its consequences during the plea colloquy. As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under Strickland. This same dialogue also demonstrates the knowing and voluntary nature of Cervantez' waiver and guilty plea, as well as his competency.

When the Court accepted Cervantez' guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through

- 4 -

personal interrogation."  Id., *citing* United States v. Fountain, 777 F.2d 351, 356 (7th Cir.

1985).   This aspect of the Rule 11 hearing is especially important with respect to

subsequent collateral proceedings, because the representations made by the defendant

during a plea colloquy, as well as any findings made by the judge accepting the plea,

constitute a formidable barrier in any subsequent collateral proceeding.   Id., *citing*

Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986); Blackledge v. Allison, 431 U.S.

63, 97 S.Ct. 1621, 1629 (1977).  Furthermore, "[s]olemn declarations in open court carry

a strong presumption of verity."  Blackledge, 97 S.Ct. at 1629.

After a careful review of the transcript of Petitioner's Rule 11 hearing, the Court finds

that he has failed to overcome the strong presumption of verity which attached to the

statements of voluntariness and understanding that he made during that hearing.  The

pertinent portion of the record reveals the following colloquy between Cervantez and the

Court after he was placed under oath:

> Q:    Now that you have been sworn, do you understand that your
>       answers to my questions are subject to the penalties of perjury
>       or giving a false statement if you don't answer truthfully?
>
> A:    I do.

*  *  *

> Q:    Have you been treated recently for any mental illness or
>       addiction to narcotic drugs?
>
> A:    Not recently, no.
>
> Q:    Are you currently under the influence of any drug, medication or alcoholic
>       beverage?
>
> A:    No, sir.

*  *  *

Q:      Now as I understand it, your willingness to plead guilty here this morning is due, at least in part, to the discussions that you and your attorney have had with the attorney for the Government leading up to the execution of this written plea agreement.  Is that correct?

A:      It is, Your Honor.

Q:      Did you have a reasonable opportunity to read this plea agreement and discuss it with your attorney before you signed it?

A:      I did.

Q:      Does the agreement represent in its entirety every understanding that you have with the Government?

A:      Yes.

* * *

Q:      On page 4, paragraph 9, is a waiver of your right to appeal from the conviction and sentence.  In this paragraph you're giving up the right to — after your sentenced, if you're not happy with the sentence, you're giving up the right for the most part to file an appeal to the Court of Appeals in Chicago and complain about that.  In such an appeal, a person could claim that there was something unlawful or unconstitutional about the process that was used here or the sentence itself.  That could even include a claim that the person had not been effectively represented by their attorney.  In this paragraph, you're giving up the right to file such an appeal with two very narrow exceptions.  Number one: If the Court were to impose a sentence that was beyond the statutory maximum that I described to you. The only other reservation would be that you could claim on appeal that your attorney had not effectively represented you in the negotiation of this plea agreement. But, beyond that, you would be barred from challenging your sentence.  Do you understand that?

A:      I do.

Q:      Any questions about the very broad scope of that waiver?

A:      No, sir.

Q:    Then the next paragraph 10 also talks about a waiver.  It is a different type of waiver. That's a waiver of your post-conviction remedy that normally takes the form of what's called a petition for writ of habeas corpus.  That's a proceeding that would typically be filed in this court, not in the Court of Appeals.  In such a proceeding, again a person could claim that there was something unlawful or unconstitutional about the process or the sentence imposed.  Again, that could even include a claim that a person had not been effectively represented by their attorney.  In this paragraph you're giving up the right to file such a collateral attack period.  Do you understand?

A:    I do.

* * *

Q:    Has anyone made any other or different promise or assurance of any kind to you in an effort to induce you to plead guilty?

A:    No, sir.

Q:    Has anyone attempted in any way to force you to plead guilty?

A:    No, sir.

Q:    Are you pleading guilty of your own free will because you are guilty?

A:    Yes, sir.

Q:    Do you understand that the offense to which you are pleading guilty is a felony offense?  If your plea is accepted, you will be adjudged guilty of that offense.  Such adjudication may deprive you of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.  Do you understand?

A:    I do.

* * *

Q:    Do you also understand by entering into this plea agreement and entering a plea of guilty, you will have waived or given up almost all of your right to appeal or collaterally attack any part of this sentence?

A:    I do, sir.

(Change of Plea Transcript at 2 -15.)

The Court finds that nothing in the record even remotely suggests that Cervantez did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein.  To the contrary, it clearly indicates that he expressly indicated his intention to plead guilty and waived his rights to appeal or pursue collateral relief on more than one occasion after extensive questioning and explanation by the Court.  The record also demonstrates that the Court provided him with a lengthy and detailed explanation of his rights and the waiver provisions that was more than adequate to supplement or correct any lack of information or misinformation that may have been provided by counsel.  After receiving this explanation, Cervantez proceeded to state that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Therefore, regardless of his current protestations that counsel was less than diligent in his representation and provided ineffective assistance, the record before the Court unequivocally demonstrates that Cervantez acted knowingly and freely in entering into the plea agreement, including the waiver provisions.  Had he truly not wished to plead guilty, not understood the proceedings in which he participated, or been caught unaware by the potential sentencing range or waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Cervantez has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence.  Accordingly, the Court now holds that Cervantez' guilty plea and waiver of his right to pursue collateral relief were both knowing

and voluntary and operate to bar him from pursuing further habeas corpus relief.  This §

2255 Motion is therefore frivolous.  *See* United States v. Richardson, 1998 WL 388590, at

*3 (E.D.La. July 9, 1998) (finding that defendant's claims under § 2255 that his plea was

involuntary and that the government had not met its burden of proving he possessed crack

cocaine were barred by a valid waiver in his plea agreement).

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any

credible showing that but for the alleged unprofessional errors of counsel, there is any

reasonable probability that the result of this proceeding would have been different, as the

record clearly demonstrates that Cervantez knowingly, intelligently, and voluntarily entered

into his plea agreement and waived his right to bring both an appeal and collateral attack

on his conviction and sentence.

Accordingly, the Government's Motion to Strike/Dismiss [#9] is GRANTED, and

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody pursuant to 28 U.S.C. § 2255 [#1 and #4] is DISMISSED.  This matter is now

terminated, and all other pending motions are DENIED AS MOOT.

ENTERED this 19th day of December, 2007.


                              s/ Michael M. Mihm
                              Michael M. Mihm
                              United States District Judge